**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Gabrielle Peters | * | |
| 470 Lexington Avenue | | |
| Mansfield, Ohio 44907 | * | |
|    On behalf of herself and other | * | Case No. 2:17-cv-697 |
|    members of the general public | | |
|    similarly situated, | * | JUDGE |
|                          Plaintiff, | * | MAGISTRATE JUDGE |
| v. | * | **JURY DEMAND ENDORSED HEREON** |
| Thai Palace, Inc. d/b/a LemonGrass | * | |
| Fusion Bistro | | |
| 641 N. High St., #103 | * | |
| Columbus, Ohio 43215 | | |
| | * | |
|                 Defendant. | | |
| | * | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE
FAIR LABOR STANDARDS ACT AND OHIO LAW**

Plaintiff Gabrielle Peters ("Plaintiff" "Named Plaintiff" "Peters"), on behalf of herself and all others similarly situated, and on behalf of the class that Plaintiff seek to represent (collectively the "Putative Class" or the "Putative Class Members"), brings this action against Thai Palace, Inc. d/b/a LemonGrass Fusion Bistro ("LemonGrass" or "Defendant"), an Ohio Corporation, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, §§ 4111, *et seq.* (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as the "Ohio Acts") and the Ohio Constitution, Oh. Const. Art. II, §34a (the Ohio Acts and Oh. Const. Art. II, §34a will be referred to collectively as the "Ohio Wage Laws"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. §

216(b); and the Ohio Acts' claims are asserted individually by the Named Plaintiff and all Ohio Opt-ins who join this case. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## NATURE OF SUIT

1.  Plaintiff, on behalf of herself and all others similarly situated, seeks to recover minimum wages owed to them pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Plaintiff alleges that Defendant has violated 29 U.S.C. § 203(m) of the FLSA, which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. First and foremost, an employer is not eligible to take a tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the FLSA.[1] Second, an employer may only make use of a tip credit only if the employee (i) received at least that amount in actual tips; and (ii) the employees received at least a minimum wage for all hours worked in the event the tips do not amount to a minimum wage. *See* 29 C.F.R. § 531.59(b). Third, only employees who regularly and customarily perform tipped work are permitted to share in and take from a valid tip pool. In the event the above-referenced requirements are satisfied, only then may employers take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. Defendant was not entitled to apply a tip credit toward the Plaintiff's or the Putative Class Members' minimum wages, as Defendants failed to satisfy (3)m of the FLSA in at least three main respects: (1) Defendant did

---

[1] i.e. the amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to any employee who has not been informed of these requirements in this section. *See* 29 C.F.R. § 531.59(b).

not inform or explain to them that it would take a tip credit; (2) Defendant unlawfully claimed the maximum tip credit because Named Plaintiff and the Putative Class Members did not receive at least the tip credit amount in actual tips during all hours worked and Defendant did not pay the balance to assure the employees receive at least a minimum wage; and (3) Defendant required Named Plaintiff and the Putative Class Members to pay back to Defendant a percentage[2] of their tips depending on the sales of a particular shift. As a result, Plaintiff and the Putative Class Members have been damaged.

2. Plaintiff, on behalf of herself and all others similarly situated, attach supplementary state law claims in which Plaintiff seeks to recover minimum wages owed to them pursuant to the Ohio Acts.

### I. JURISDICTION AND VENUE

3. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

4. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

5. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendant employed Named Plaintiff and others similarly situated in Franklin County, which is in this judicial district, a substantial part of the events or omission giving rise to the claim occurred in this judicial district, and Defendant has done substantial business in this judicial district.

### II. THE PARTIES

---

[2] Upon information and belief, Plaintiff was expected to pay back to Defendant either: (1) 3% of all gross sales of her shift; or (2) 10% of all credit card tips from her shift.

6. Named Plaintiff Gabrielle Peters is an adult individual residing in this judicial district.

7. Plaintiff was employed by Defendant from approximately May 27, 2017 until approximately the middle of July 2017 as a server. Her employment was not long due to a variety of pay policies or practices, which resulted in a variety of violations under the FLSA and Ohio laws.

8. During her employment with Defendant, Named Plaintiff was not paid for all of her compensable hours worked due to a variety of reasons, including, but not limited to: the failure to receive a tip credit notice or have Defendant explain to her that it would be taking a tip credit, requiring Plaintiff to pay some of her tips back to Defendant, having a managerial employee take tips from Plaintiff even though he was not performing tipped work, and wage theft in the form of reducing her hours from her compensable time.

9. At all times relevant, Named Plaintiff was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

10. Named Plaintiff brings this action on behalf of herself and on behalf of those similarly situated, and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (*Consent to be Part Plaintiff*, attached hereto as **Exhibit A**).

11. Defendant Thai Palace, Inc. d/b/a LemonGrass Fusion Bistro ("LemonGrass" or "Defendant") is a for-profit corporation incorporated in the State of Ohio and has its principal place of business located in Franklin County, Ohio.

12. Defendant is actively doing business in this judicial district. Defendant is and has been an "employer" as that term is defined by the FLSA, the Ohio Wage Acts, and Ohio Constitution Art. 2 § 34a.

13. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including minimum wage compensation.

14. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. FACTUAL ALLEGATIONS

16. Named Plaintiff restates the preceding paragraphs as if fully realleged herein.

17. Named Plaintiff is an adult individual residing in this judicial district.

18. Plaintiff was employed by Defendant from approximately May 27, 2017 until approximately the middle of July, 2017 as a server/bartender.

19. During her employment with Defendant, Named Plaintiff and the Putative Class Members were not paid for all of their compensable hours worked due to a variety of reasons, including but not limited to: (1) Defendant did not inform or explain to them that it would take a tip credit; (2) Defendant unlawfully claimed the maximum tip credit because Named Plaintiff

and the Putative Class Members did not receive at least the tip credit amount in actual tips during all hours worked and Defendant did not pay the balance to assure the employees receive at least a minimum wage; and (3) Defendant required Named Plaintiff and the Putative Class Members to pay back to Defendant a percentage[3] of their tips depending on the sales of a particular shift. As a result, Plaintiff and the Putative Class Members have been damaged.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Minimum Fair Wages and other Wages.

20. Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant working in a tipped position for which a tip credit was applied at any time during the previous three years through the present and until final resolution of the case (the "§216(b) Class" or the "§216(b) Class Members").

21. Examples of employees that may be members of the §216(b) Class include, but may not be limited to, servers, bartenders, or equivalent positions performing similar job duties for Defendant.

22. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for unpaid statutory minimum wages, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous putative §216(b) Class Members have been denied proper minimum fair wages due to Defendant's company-wide payroll policies and practices. Named Plaintiff is representative of

---

[3] Upon information and belief, Plaintiff was expected to pay back to Defendant either: (1) 3% of all gross sales of her shift; or (2) 10% of all credit card tips from her shift.

those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

23. The identity of the putative §216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for minimum wages, liquidated damages, attorneys' fees and costs under the FLSA.

24. A collective action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which §216(b) Class is entitled.

25. Plaintiff is similarly situated to §216(b) Class Members and will prosecute this action vigorously on their behalf.

26. During all times material to this Complaint, Defendant has paid Plaintiff and the §216(b) Class Members, as defined *infra*, a base wage[4] while attempting to utilize a tip credit to satisfy its obligation of paying Plaintiff and the §216(b) Class Members the federally established minimum wage. Upon information and belief, the wage rates paid by Defendant to Plaintiff and the §216(b) Class Members in workweeks during the relevant time period have been at or below the full minimum wage rate.

27. Defendant failed to inform its employees of the required tip credit provisions prior to taking a tip credit. *See* 29 USC §203(m) and 29 CFR §531.59(b).

28. Defendant, by violating the tip credit provisions of the FLSA, is and was not permitted to avail itself of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and

---

[4] As used herein, the term "base wage" refers to the wages actually paid to an employee and does not refer to any tips received or used by the employer as a credit toward its obligation of satisfying the minimum wage.

the §216(b) Members at a sub-minimum wage rate in workweeks during the relevant period, Defendant violated §§ 203(m) and 206 of the FLSA.

29. During the same time, the tip credit claimed by Defendant exceeded the amount of tips actually received by Plaintiff and the §216(b) Class Members. In such instances, Defendant did not pay Plaintiff and the §216(b) Class Members the difference to ensure their employees received at least minimum wage.

30. As a result of Defendant's failure to inform or explain to Plaintiff and the Putative Class Members that it would be taking a tip credit, Defendant failed to pay Plaintiff and the §216(b) Class Members the full minimum wage in workweeks during the relevant time period.

31.

32. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay minimum wages to save on payroll costs. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiff and the §216(b) Class Members.

### B. Ohio Revised Code § 411.14(K) Ohio Collective Action for Unpaid Minimum Wages.

33. Named Plaintiff brings her Ohio Wage Act claims pursuant to O.R.C. § 4111.14(K) as an Ohio Collective Action, respectively, on behalf of herself and all other members of the following class:

> All current and former hourly, non-exempt employees of Defendant working in a tipped position for which a tip credit was applied at any time during the previous three years through the present and until final resolution of the case (hereinafter "Ohio 4111.14(K) Collective Action Class" or "Ohio 4111.14(K) Collective Action Class Members").

34. Examples of employees that may be members of the Ohio 4111.14(K) Collective Action Class include, but may not be limited to, servers, bartenders, or equivalent positions performing similar job duties for Defendant.

35. Collective action treatment is appropriate because Plaintiff and the Ohio 4111.14(K) Collective Action Class have been subjected to Defendant's common business practices of failing to provide a tip credit notice and failing to pay minimum wage, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant paid Named Plaintiff and the Ohio 4111.14(K) Collective Action Class the full minimum wages for all hours worked in a workweek.

36. The Named Plaintiff and the Ohio 4111.14(K) Collective Action Class have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy or plan to avoid paying all earned minimum wages.

37. Plaintiff is similarly situated to the Ohio 4111.14(K) Collective Action Class and will prosecute this action vigorously on their behalf.

38. This collective action is properly brought pursuant to the collective action procedures of O.R.C. § 4111.14(K), because Named Plaintiff and the Ohio Minimum Wage Collective Action Members are similarly situated in that they have been subjected to Defendant's commonly applied policy and/or practice of failing to pay minimum wage for all hours worked in a workweek as a result of: (1) not informing them that Defendant would be taking a tip credit; (2) unlawfully claiming the maximum tip credit even though the tip credit exceeded the amount of tips actually received by Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members, resulting in unpaid minimum wages; and (3) requiring Plaintiff to pay back some of her tips based on the sales of her particular shift for the evening.

39. The success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant paid Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members minimum wages for all hours worked in a workweek.

40. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay minimum wages to save on payroll costs. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members.

41. Named Plaintiff will vigorously prosecute these collectives on behalf of other similarly situated employees.

## COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES)

42. All of the preceding paragraphs are realleged as if fully rewritten herein.

43. Defendant employed the Named Plaintiff and the § 216(b) Class.

44. This claim is brought as part of a collective action by the Named Plaintiff on behalf of herself and the §216(b) Class.

45. The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

46. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiff and the § 216(b) Class Members.

47. During relevant times, the Named Plaintiff and the §216(b) Class Members were not exempt from receiving FLSA minimum wage benefits because, *inter alia*, they were not "executive," "computer," "administrative," "professional," neither learned nor creative, or "computer" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

48. During all times material to this Complaint, Defendant was an "employer" covered by the minimum wage requirements set forth in the FLSA. 29 U.S.C. § 203(d).

49. During all times material to this Complaint, Plaintiff and the §216(b) Class Members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

**Violations of the Tip-Credit Provision**

50. The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. *See* 29 U.S.C. § 203(m).

51. In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

52. First, the FLSA requires that an employer is not eligible to take a tip credit unless it has informed its tipped employees in advance of the employer's use of the tip credit of the provisions of section 3(m) of the FLSA. *See* 29 C.F.R. § 531.59(b); 29 U.S.C. § 203(m).

53. During all times material to this Complaint, Defendant did not inform or explain to Named Plaintiff or the §216(b) Class Members that it will being taking a tip credit.

54. Second, an employer may only make use of a tip credit only if the employee (i) received at least that amount in actual tips; and (ii) the employees received at least a minimum wage for all hours worked in the event the tips do not amount to a minimum wage. *Id.*

55. During relevant times, Defendant unlawfully utilized the tip credit, thereby failing to pay a minimum wage to Plaintiff and the §216(b) Class Members, even though it knew or should have known that (i) its employees did not receive at least that amount in actual tips; and (ii) Defendants did not pay the balance to assure Plaintiff and the §216(b) Class Members received at least a minimum wage for all hours worked.

56. Third, at all times material, Defendant violated the FLSA by requiring Named Plaintiff and the Putative Class Members to pay back to Defendant a percentage[5] of their tips depending on the sales of a particular shift.

---

[5] Upon information and belief, Plaintiff was expected to pay back to Defendant either: (1) 3% of all gross sales of her shift; or (2) 10% of all credit card tips from her shift.

57. Defendant, by violating the tip credit provisions of the FLSA, was not permitted to avail itself of the tip-credit otherwise permitted by the FLSA. In paying Plaintiff and §216(b) Class Members at a sub-minimum wage rate in workweeks during the relevant period, Defendant violated §§ 203(m) and 206 of the FLSA.

58. As a result, during the time periods specified above, Defendant did not pay Plaintiff and the §216(b) Class Members the full minimum wage and instead, upon information and belief, paid Plaintiff and the §216(b) Class Members in workweeks during the relevant time period have been at or below the full minimum wage rate.

59. Defendant's conduct was willful, in the sense that Defendant knew or should have known that the preceding described actions violated the FLSA.

60. Accordingly, Defendant has violated Sections 203(m) and 206 of the FLSA through engaging in the above proscribed actions.

61. The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

62. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the §216(b) Class Members.

### COUNT II
### (MINIMUM WAGE VIOLATIONS OF THE OHIO WAGE ACT AND THE OHIO CONSTITUTION)

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

65. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were covered employees entitled to the Ohio Wage Act's protections.

66. During relevant times, Defendant was an entity covered by the Ohio Constitution Art. II, § 34; and the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were employed by Defendant within the meaning of the Ohio Constitution Art. II, § 34.

67. During relevant times, Defendant was a covered employer required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

68. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not exempt from receiving the Ohio minimum wage because, *inter alia*, they were not "executive," "administrative," "professional," "outside sales" or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq*.

69. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not exempt under any other exemption.

70. During relevant times, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were employed by Defendant.

71. During all times material to this complaint, Defendant has been an employer within the meaning of O.R.C. § 4111.14(B) and has been required to comply with the Ohio Constitution's mandates.

72. Article II, Section 34a of the Ohio Constitution permits an employer to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the Ohio Constitution's established minimum wage.

73. The tip credit is only available to the employer for the hours in which the employer is able to demonstrate that an employee receives tips that, combined with the wages paid by the employer, are equal to or greater than the minimum wage rate established by Article II, Section 34a of the Ohio Constitution. *See*, *e.g.*, OHIO CONST. Art. II, Sec. 34a; 29 C.F.R. § 531.59(b).[6]

### Tip Credit Violations Resulting in Unpaid Minimum Wages

74. First, under Ohio law, an employer may only make use of a tip credit only if the employee (i) received at least that amount in actual tips; and (ii) the employees received at least a minimum wage for all hours worked in the event the tips do not amount to a minimum wage.

75. During relevant times, Defendant unlawfully utilized the tip credit, thereby failing to pay a minimum wage to Plaintiff and the Ohio 4111.14(K) Collective Class Members, even though it knew or should have known that (i) its employees did not receive at least that amount in actual tips; and (ii) Defendants did not pay the balance to assure Plaintiff and the Ohio 4111.14(K) Collective Class Members received at least a minimum wage for all hours worked.

76. Second, under Ohio law, Defendant required Named Plaintiff and the Ohio 4111.14(K) Collective Action Class Members to pay back to Defendant a percentage[7] of their tips depending on the sales of a particular shift.

77. Defendant, by violating the tip credit provisions of Art. II, Section 34a of the Ohio Constitution, was not permitted to avail themselves of the tip-credit otherwise permitted by Ohio law. In paying Plaintiff and Ohio 4111.14(K) Collective Class Members at a sub-minimum wage

---

[6] That section states in pertinent part, "An employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked."
[7] Upon information and belief, Plaintiff was expected to pay back to Defendant either: (1) 3% of all gross sales of her shift; or (2) 10% of all credit card tips from her shift.

rate in workweeks during the relevant period, Defendants violated Article II, Section 34a of the Ohio Constitution.

78. During the time periods specified above, as a result of the tip credit violations, Defendant did not pay Plaintiffs and the Ohio 4111.14(K) Collective Class Members the full minimum wage and instead, upon information and belief, paid Plaintiffs, at or below the following sub-minimum wage rates for Ohio.

79. Because Defendant violated the Ohio Wage Act's and the Ohio Constitution's minimum wage requirements, a three (3) year statute of limitations applies to such violation, pursuant to O.R.C. § 4111.14(K).

80. The exact total amount of compensation that Defendant has failed to pay the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

81. As a direct and proximate result of Defendant's conduct, the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members have suffered and continue to suffer damages in an amount to be determined at trial. The Named Plaintiff seeks unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the Ohio 4111.14(K) Collective Class Members.

## COUNT III
### (VIOLATIONS OF THE OHIO PROMPT PAY ACT)

82. All of the preceding paragraphs are realleged as if fully rewritten herein.

83. During all times relevant, Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were employed by Defendant.

84. During relevant times, Defendant was an entity covered by the OPPA.

85. The OPPA requires that the Defendant pay Named Plaintiff and the Ohio 4111.14(K) Collective Class Members all wages, including unpaid minimum wages, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

86. During relevant times, Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were not paid wages, either a minimum wage or overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. §4113.15(B).

87. Named Plaintiff's and the Ohio 4111.14(K) Collective Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond her regularly scheduled payday.

88. Named Plaintiff and the Ohio 4111.14(K) Collective Class Members have been harmed and continue to be harmed by Defendant's acts or omissions described herein.

89. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

90. All of the preceding paragraphs are realleged as if fully rewritten herein.

91. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

92. During times material to this complaint, Defendant was a covered employer and required to comply with the Ohio Wage Act's mandates.

93. Named Plaintiff and the Ohio 4111.14(K) Collective Class Members were covered employees entitled to the protection of the Ohio Wage Act.

94. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio 4111.14(K) Collective Class Members by failing to properly maintain accurate records of all hours Named Plaintiff and Ohio 4111.14(K) Collective Class Members worked each workday and within each workweek.

95. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## V. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Plaintiff, on behalf of herself and all members of the §216(b) Class, prays for relief as follows:

A. Judgment against Defendant for damages for all unpaid minimum wage compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

B. A declaratory judgment that Defendant's wage and hour policy and practice alleged herein violate the FLSA;

C. An Order certifying the proposed §216(b) Class;

D. Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

E. An Order directing Defendant to pay reasonable attorneys' fees and all costs associated with this action;

F. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

G. An injunction prohibiting Defendant from engaging in future FLSA violations;

H. Prejudgment interest and any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

I. Such other and further relief as this Court deems necessary, just, or proper.

**WHEREFORE**, as to **Counts II** and **III**, Plaintiff, on behalf of herself and all members of the Ohio 4111.14(K) Collective Action Class, prays for relief as follows:

A. A declaratory judgment that Defendant's wage and hour policy and practice alleged herein violate the Ohio Wage Acts and the Ohio Constitution;

B. An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Acts and the Ohio Constitution, and requiring Defendants to follow such laws going forward;

C. An Order certifying the proposed Ohio Minimum Wage Collective under Ohio Rev. Code §4111.14(K) and the Ohio Constitution;

D. Judgment against Defendant for damages for all unpaid minimum wage owed to Named Plaintiff the Ohio Minimum Wage Collective during the applicable statutory period under Ohio Rev. Code §4111.14 and the Ohio Constitution;

E. Judgment against Defendant for all unpaid Ohio minimum wage and any liquidated damages allowed by Ohio law for Plaintiff and all other similarly situated employees, including but not limited to liquidated damages provided O.R.C. §4111.14(J);

F. Treble damages, including but not necessarily limited to liquidated damages provided O.R.C. §4111.14(J), prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

G. Judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio 4111.14(K) Collective Action Class during the applicable statutory period;

H. An Order directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

K. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Count IV**, Plaintiff, on behalf of himself and the Ohio 4111.14(K) Collective Class Members, prays for relief as follows:

L. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

M. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein, jointly and severally, violate the Ohio Wage Laws, specifically O.R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H) and the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2 *et seq.*;

N. An Order permitting the Named Plaintiff and the Ohio 4111.14(K) Collective Class Members to prove the actual hours worked by reasonable inference; and

O. An Order directing Defendants to pay reasonable attorney's fees and all costs connected with this action.

Respectfully Submitted,

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

/s/ *Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)