IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GABRIELLE PETERS, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> THAI PALACE, INC., <br><br> **Defendant.** | Civil Action No.: 2:17-cv-697 <br> Honorable James L. Graham |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND
RELEASE AND DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiffs Gabrielle Peters and Emily Thacker (collectively, "Representative Plaintiffs") and Defendant Thai Palace, Inc., d/b/a Lemongrass Fusion Bistro ("Lemongrass") file this Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice ("Motion") and offer the following facts to support the Court's approval of the Settlement Agreement under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the Ohio Wage Act, and the Ohio Prompt Pay Act:

**INTRODUCTION AND BACKGROUND**

This proposed settlement resolves claims that the Representative Plaintiffs and all other servers/bartenders who have opted into this FLSA collective action working at Lemongrass between August 11, 2014 and the present were deprived of a fair minimum wage due to Lemongrass' alleged failure to provide a tip credit notice and alleged unlawful claiming of the maximum tip credit, all in violation of the FLSA. (*See* Doc. 23, at ¶¶ 63–119).

During the collective action period, Defendant operated a Thai-food family restaurant in Columbus, Ohio under the name "Lemongrass Fusion Bistro." The employees at the restaurant

1

receive tips in addition to their regular wages. Accordingly, Defendant claimed a tip credit against its obligation to pay employees a minimum wage.

Plaintiffs allege that Defendant's actions in claiming a tip credit were unlawful. Specifically, Plaintiffs claim that: (1) Defendant did not fulfill its obligations under 29 U.S.C. § 203(m) and 29 C.F.R. s 531.59(b) to inform its employees that a tip credit was being claimed against their wages (*See id.* at ¶ 23), and (2) Defendant's claimed tip credit against its employees' wages exceeded the actual tips received, leaving the employees making less than the legally mandated minimum wage. (*See id.*). Based on these allegations, Representative Plaintiffs' Amended Complaint raises claims that Defendant violated the FLSA, the Ohio Prompt Pay Act, the Ohio Wage Act, and the Ohio constitution. Defendant denies all of Plaintiff's allegations.

On October 19, 2017, the parties entered into a joint stipulation permitting pre-discovery certification of the present FLSA collective action and providing notice to putative class members by mail. (*See* Doc. 10). In addition to the two Representative Plaintiffs, five additional class members opted in to the current FLSA collective action. (Docs. 12, 13, 15, 16, 18).

On September 27, 2018, the Parties attended a settlement conference with Magistrate Judge Mark Abel in an effort to resolve the case. While the Parties were not able to reach an agreement that day, they continued to negotiate a resolution. As a result of those negotiations, on October 24, 2018, the Parties reached an agreement, resulting in the Parties executing a settlement agreement and general release, subject to approval by the Court pursuant to 29 U.S.C.S. § 216(b). All Parties have signed the Settlement Agreement. Consequently, the Settlement Agreement is provided for the Court's review as **Exhibit A**.

The Parties, by reaching this settlement at a relatively early juncture in litigation, have been able to avoid further costly litigation, continued discovery, depositions of multiple fact and expert witnesses, and all other costs and expenses associated with protracted litigation.  In addition, Plaintiffs have been adequately compensated for damages in light of the facts and circumstances underpinning these claims.

Over the life of this lawsuit, the Parties shared in discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Plaintiffs' counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this lawsuit, including counsel's understanding of the uncertainties of litigation, Plaintiffs' counsel has concluded that this settlement is fair, reasonable, adequate, and in the best interests of Plaintiffs and the collective action class as a whole. Indeed, this settlement fully compensates each of the opt-in Plaintiffs for his or her alleged damages based on Plaintiffs' counsel's calculations.

Without any admission of liability, Lemongrass desires to compromise and settle this lawsuit and all claims by Representative Plaintiffs for alleged unpaid overtime wages, liquidated or other damages, attorneys' fees, costs, and interest, under the FLSA, or any other federal, state, or local law pertaining to the payment of wages.

As shown through this Motion, the proposed Settlement Agreement is the result of arm's length negotiations, conducted by experienced counsel for all parties, after formally and informally exchanging information and engaging in substantial negotiations, including a court-ordered settlement conference. The terms of the Settlement Agreement are reasonable, appropriate, and fair to all parties involved. Accordingly, Representative Plaintiffs and

Lemongrass ask the Court to approve the Settlement Agreement and enter an order dismissing this lawsuit with prejudice.

## ARGUMENT

**A.     The Court should approve the Agreement negotiated by the Parties.**

In approving settlements of FLSA cases, district courts in the Sixth Circuit have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*. 679 F.2d 1350 (11th Cir. 1982). *See Simmons v. Mathis Tire & Auto Serv.*, No. 13-2875-STA-tmp, 2015 U.S. Dist. LEXIS 114008, at *2 (W.D. Tenn. Aug. 20, 2015) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA."); *see also Cruz v. Don Pancho Mkt., LLC*, No. 1:15-cv-00698-PLM, 1:16-cv-00569-PLM, 2016 U.S. Dist. LEXIS 115699, at *6 (W.D. Mich. Aug. 23, 2016) ("The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned.").

In the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the Parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The Court must specifically decide whether the proposed settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes findings with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Kim v. Confidential Studio Inc.*, 2017 U.S. Dist. LEXIS 133002, at

4

*4 (D. Md. Aug. 21, 2017) (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355) (internal citations omitted).

The endorsement of the settlement by counsel for both Parties is a "factor [that] weighs in favor of approval." *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2008 U.S. Dist. LEXIS 37449, at *15 (S.D. Tex. May 7, 2008).  In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *14 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)).

Here, the settlement reflects a reasonable compromise of issues actually in dispute, the settlement was reached in an adversarial context in which Plaintiffs were represented by counsel, and the totality of the settlement is fair and reasonable.  The settlement value for all FLSA collective action members represents 100% of the claimed compensatory damages for unpaid wages, excluding liquidated damages. Additionally, the Settlement Agreement provides Representative Plaintiffs with modest service awards that fairly reflect their efforts in contributing to the successful resolution of this case.  The settlement in this case was reached in an adversarial proceeding, through arm's length negotiations between capable attorneys who have the necessary experience to protect the rights of the Parties in this matter. Moreover, the Parties' ultimate agreement was aided by the help of Magistrate Judge Abel during the settlement conference held in September 2018. The Parties well understand that litigation is an inherently risky process, and the likelihood of success for either party is virtually unknown.  The issues in this case were in dispute, and settlement was achieved with an understanding of the disputed claims.

Moreover, the settlement in this case is fair given the limited nature of damages and the applicable statute of limitations.  This is a matter where continued attorneys' fees and costs on both sides could dwarf the actual amount in controversy if the case were to proceed through trial.  The Parties, with the Court's approval, would like to resolve and settle this dispute short of continued litigation.

> **B.** **The Court should approve the fees and costs award contemplated by the Agreement.**

In addition, as noted above, as part of its fairness determination, the Court must also determine that the proposed attorneys' fees are reasonable.  *See Kim*, 2017 U.S. Dist. LEXIS 133002, at *4 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998); *Zoll v. Eastern Allamakee Cmty School Dist.*, 588 F.2d 246, 252 (8th Cir. 1978).  The FLSA has a fee-shifting provision that provides that the prevailing party shall recover reasonable attorneys' fees and litigation costs.  29 U.S.C. § 216(b) (a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action").  Indeed, "[t]he payment of attorneys' fees to employees prevailing in FLSA cases is mandatory.  The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

It is well-established that "[t]he starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. . . . The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (internal citations and quotation marks omitted).  Of course, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry.  There

6

remain other considerations that may lead the district court to adjust the fee upward or downward." *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) (citation omitted); *see also Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) ("In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the 'lodestar.'…The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."; *Reynolds v. Alabama Dep't of Transp.*, 926 F. Supp. 1448, 1453 (M.D. Ala. 1995) ("After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upward or downward.").

As set forth above, Defendant has agreed to pay Plaintiffs' counsel $28,400.00 representing fees and costs as provided in the Settlement Agreement submitted to the Court. Plaintiffs' counsel drafted, filed, and litigated this case, including attending a settlement conference, until an agreement was reached with Defendant.  The services rendered to Plaintiffs reflect the extensive experience Plaintiffs' Counsel have in class action, FLSA and employment law experience that is outlined in the declarations submitted by Plaintiffs' Counsel to the Court. (*See* **Exhibit C**, Declaration of Matthew J.P. Coffman; **Exhibit D**, Declaration of Daniel I. Bryant). Accordingly, Plaintiffs' counsel's attorneys' fees and costs incurred total $57,690.00, but they will receive $28,400.00 pursuant to the negotiated Settlement Agreement upon approval. *Id.* Consequently, Plaintiffs and the individuals who chose to opt-in to this case will be receiving **100%** of the potential recovery and counsel will receive **49%** of their lodestar fees and expenses. *Id.*

Based on all relevant factors, the proposed pay of attorney's fees and cost reimbursements to Plaintiff's counsel is proper and reasonable and fulfills the purpose and intent of the FLSA's fees provision.

## CONCLUSION

For the reasons stated above, the Parties respectfully approve the settlement and dismiss this action with prejudice by entering the proposed order attached as **Exhibit B**.

Respectfully submitted,

| | |
|---|---|
| */s/ Matthew J.P. Coffman* | *s/J. Corey Asay* |
| Matthew J.P. Coffman | Allison L. Goico |
| Coffman Legal, LLC | J. Corey Asay |
| 1550 Old Henderson Rd. | Dinsmore & Shohl LLP |
| Suite 126 | 255 E. Fifth Street, Suite 1900 |
| Columbus, Ohio 43220 | Cincinnati, OH  45202 |
| T: (614) 949-1181 / F: (614) 386-9964 | T: 513.977.8397 / F: 513.977.8141 |
| E: mcoffman@mcoffmanlegal.com | E: allison.goico@dinsmore.com |
| | corey.asay@dinsmore.com |
| Daniel I. Bryant | |
| Bryant Legal, LLC | *Attorneys for Defendant* |
| 1457 S. High St. | |
| Columbus, Ohio 43207 | |
| Ph:  (614) 704-0546 | |
| Fax:  (614) 573-9826 | |
| Email:  dbryant@bryantlegalllc.com | |

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL** has been served upon counsel of record via the Court's CM/ECF system on the 10th day of December, 2018.

*s/ J. Corey Asay*
J. Corey Asay

14193701v1